IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN TAPP,      §  <br>         *Plaintiff*,      § <br>                                          § <br> V.                                  § <br>                                          §   CIVIL ACTION NO.  4:11-CV-02971 <br>                                          § <br> UNIVERSITY OF TEXAS HEALTH § <br> SCIENCES CENTER AT HOUSTON – § <br> SCHOOL OF DENTISTRY,     § <br>         *Defendant*.             § | |

## UTHEALTH'S MOTION TO DISMISS

TO THE HONORABLE LEE H. ROSENTHAL:

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), Defendant The University of Texas Health Science Center at Houston ("UTHealth") – School of Dentistry moves to dismiss the claims brought against it in Plaintiff's First Amended Complaint [Docket #5] and would respectfully show the Court:

## I.
## INTRODUCTION

Plaintiff Stephen Tapp has brought two claims against UTHealth in connection with UTHealth's failure to accommodate him while he was a student in UTHealth's Dental School, for retaliating against him for "advocating for his rights," for dismissing him from UTHealth's Dental School: (1) a violation of Section 504 of the Rehabilitation Act of 1973 and (Compl. § VI); and (2) a violation of the Americans with Disabilities Act ("ADA") (Compl. § VII).[1]  Both

---

[1] Plaintiff brought these same two claims against UTHealth, the sole defendant named in his Original Complaint [Docket #1].  On October 11, 2011, UTHealth moved to dismiss Plaintiff's Original Complaint it its entirety because the claims were barred by the statute of limitations or, alternatively, that UTHealth was entitled to sovereign immunity with respect to Plaintiff's ADA claims.  On November 1, 2011, in accordance with Rule 15(a)(1)(B), Plaintiff filed a First Amended Complaint, which asserted no new claims against UTHealth, but added claims under

---

*UTHealth's Motion to Dismiss Plaintiff's First Amended Complaint*                                                                 1

of these claims are barred by the two-year statute of limitations that applies to them. Even if the claims survived, however, as an arm of the state, UTHealth is entitled to Eleventh Amendment immunity with respect to Plaintiff's ADA claim, which must be dismissed.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the Court lacks subject matter jurisdiction over the plaintiff's claim. FED. R. CIV. P. 12(b)(1). Motions under both Rule 12(b)(1) and (6) are decided under the same standard: a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim that would entitle him to relief. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (*citing McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)); *August Trading Inc. v. U.S. Agency for Int'l Dev.,* 167 F. Supp. 2d 964, 966 (S.D. Tex. 2001) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the plaintiff. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). Allegations that are merely conclusory in nature need not, however, be accepted as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Thus, "...conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F2d 278, 284 (5th Cir. 1993).

Furthermore, when ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the contents of the pleadings, as well as documents either attached to or incorporated by reference into the complaint. See *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). (district court may consider documents attached to a motion to dismiss referred to in

---

42 U.S.C. Section 1983 against two individual defendants. As of the date of this motion, the individual defendants have not been served. Thus, this motion is made on behalf of UTHealth only.

the plaintiff's complaint that are central to the plaintiff's claim); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("the court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim."); *Bosier v. Gila Group & Mun. Services Bureau*, No. A-07-CA-888 LY, 2008 WL 4279928, at *3 n.2 (W.D. Tex. Sep. 12, 2008) ("matters that are attached to a motion to dismiss may be considered if they are 'central to' the plaintiff's claim.").

### III.
### PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff's complaint fails to state a claim under either the Rehabilitation Act or the ADA because each of those claims is time barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense[.]"); *Henderson v. Wal Mart Stores Texas, LLC*, 2010 WL 1525551, at * 4 (S.D. Tex. 2010) ("A motion to dismiss for failure to state a claim under Rule 12(b) (6) is a valid means to raise a statute of limitations defense.") (*citing Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987)). Because there is no federal statute of limitations provided for claims brought under the Rehabilitation Act or the ADA, the Court borrows the state statute of limitations from the most analogous state law claim, which is the Texas two-year statute of limitations for personal injury claims. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992) (applying Texas's two-year limitations period to the plaintiff's Rehabilitation Act

claim); *Eber v. Harris County Hosp. Dist.*, 130 F.Supp.2d 847, 869 (S.D. Tex. 2001) ("the two-year statute of limitation appears to be applicable to claims brought in Texas under Title II of the ADA.").

"[A] determination of when the cause of action arises in an ADA case, as in other employment discrimination contexts, must focus on when the employee receives unequivocal notice of the facts giving rise to his claim or a reasonable person would know of the facts giving rise to a claim." *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir. 1995) (citations omitted). The leading case on when the limitations period begins to run in the discrimination context is *Delaware State College v. Ricks*, 449 U.S. 250, 259 (1980). That case emphasizes that the limitations period starts running on the date the discriminatory act occurs. 449 U.S. at 257. The Fifth Circuit "has also consistently focused on the date that plaintiff knew of the discriminatory act." *Merrill v. So. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986); *see also Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir.1987) (limitations period on a cause of action under a federal statute begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured).

In this case, Plaintiff filed his initial complaint on August 11, 2011. *See* Orig. Compl. [Docket #1]. Thus, his Rehabilitation Act and ADA Title II claims are time barred under the relevant two-year statute of limitations if he was dismissed from the Dental School prior to August 11, 2009, since any failure to accommodate him, to retaliate against him, or discriminatorily dismiss him must have occurred by that date for his claims to be timely.

In his First Amended Complaint, Plaintiff purports to cite to what he characterizes as a notice of dismissal: "On July 23rd Tapp was given notice it was recommended he be dismissed

_____

*UTHealth's Motion to Dismiss Plaintiff's First Amended Complaint* 4

from the school." 1st Amd. Compl. ¶ 16.  However, that July 23 letter does not *recommend* his dismissal, it makes clear that he *is dismissed*, stating:

> As a result of these deficiencies, the committee has recommended that you should be dismissed from the Doctor of Dental Surgery program at The University of Texas Dental Branch at Houston. Therefore, ***you are dismissed from the Dental Branch***. You are to cease all activity in the building by 5:00 pm on July 24, 2009.

See July 23, 2009 letter from Leslie Roeder to Stephen Tapp, **attached as Exhibit A** (emphasis added).  It is clear from this document – expressly referenced in Plaintiff's Complaint and central to his claim – that he was dismissed on July 23, 2009, more than two years before his Complaint was filed.  *See Kane*, 322 F.3d at 374 (considering documents incorporated by reference into complaint on a motion to dismiss); *see also Lyles v. University of Tex. Health Science Center, San Antonio*, 2010 WL 1171791, at *1-2 (W.D. Tex., Mar 24, 2010) (letter stating date of dismissal from physician's assistant program triggered running of statute of limitations for ADA and Rehabilitation Act claims); *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) (affirming dismissal of ADA claim as time barred and stating statute of limitations triggered by receipt of initial notice of termination).  Moreover, Plaintiff was well aware of this fact before August 8, as his Complaint expressly states, "On August 4th he met with the Ad Hoc Appeals Committee who *upheld the dismissal*." 1st Amd. Compl. ¶ 20 (emphasis added).  Note that Plaintiff does not allege that the committee dismissed him but, rather, admits that the committee upheld the action previously taken in the July 23 letter.  Plaintiff's claims under the Rehabilitation Act and ADA Title II are, therefore, time barred.

## IV.
## PLAINTIFF'S ADA CLAIM IS
## BARRED BY ELEVENTH AMENDMENT IMMUNITY

It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity

is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-102 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). For Eleventh Amendment immunity purposes, a suit against a state agency is a suit against the state. *Pennhurst,* 465 U.S. at 100. Congress may, however, abrogate a state's sovereign immunity under the Eleventh Amendment. *Kimel v. Fla. Bd. of Regents*, 528 U.S.62, 80 (2000); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996). Likewise, a state may waive its immunity to suit in federal court. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). In order to waive its immunity to suit in federal court, however, a state "must specify [its] intention to subject itself to suit in *federal court.*"[2] *Feeney,* 495 U.S. at 306 (quoting *Atascadero*, 473 U.S. at 241) (emphasis in original).

UTHealth is a state agency, *see* TEX. EDUC. CODE § 65.02(a)(9), and the Fifth Circuit has consistently found that the University of Texas and its health institutions (including UTHealth) are state agencies protected by sovereign immunity. *See, e.g., Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318 (5th Cir. 2008); *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391 (5th Cir. 2007); *Scott v. Pfizer Inc.*, 182 Fed. Appx. 312 (5th Cir. 2006). Since neither Congress nor the State of Texas have waived UTHalth's immunity for Plaintiff's ADA claim, it must be dismissed.

Plaintiff has brought claims under Title II of the ADA. In *Reickenbacker v. Foster,* 274 F.3d 974 (5th Cir. 2001), the Fifth Circuit held that Title II of the ADA does not validly abrogate the States' Eleventh Amendment immunity. Since the Fifth Circuit's decision in *Reickenbacker*, the Supreme Court held that the abrogation of sovereign immunity in Title II is a valid exercise of congressional power, to the extent that it "applies to the class of cases implicating the

---

[2] A particularly strict standard applies: immunity to suit in federal court is waived only by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Feeney*, 495 U.S. at 305-06.

*fundamental right of access to courts.*" *Tenn. v. Lane*, 541 U.S. 509, 533-34 (2004) (emphasis added). Since then, the Fifth Circuit has not addressed "whether the principle of *Lane* extends to cases involving other rights or, alternatively, whether our holding in *Reickenbacker* continues to control in such cases." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005); *see also Meyers ex rel. Benzing v. Tex.*, 410 F.3d 236, 256 (5th Cir. 2005) (declining to address whether Congress validly abrogated Texas's immunity in Title II of the ADA). Those district courts in Texas that have addressed this issue have done so inconsistently. *See Kemppainen v. Aransas County Detention Ctr.*, 2009 WL 68769 (S.D. Tex. Jan 8, 2009) ("Title II of the ADA validly abrogates sovereign immunity 'insofar as [it] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment.'" (citing *United States v. Ga.*, 546 U.S. 151, 159 (2006) (emphasis in original)); *Sims v. Tex. Dep't of Housing & Community Affairs*, 2008 WL 4552784 (S.D. Tex. Oct 7, 2008) (Eleventh Amendment immunity not abrogated).

The extent to which the Eleventh Amendment is abrogated under Title II of the ADA is not coextensive with all conduct actionable under the ADA; the State's immunity is abrogated only for conduct that also constitutes a violation of the Constitution. *See Clark v. Livingston*, 2008 WL 4621344, at *3-4 (S.D. Tex. July 1, 2008) (*citing Georgia*, 546 U.S. at 159). Plaintiff's claims, however, do not adequately assert such a violation with respect to his disability. Nowhere does Plaintiff allege that he ever made UTHSC-H aware of his alleged disability or his need for an accommodation prior to his July 23, 2009 dismissal. Instead, he states that he provided the information to the Dean even after his August 4, 2009 appeal hearing. 1st Amd. Compl. ¶ 21. These allegations are insufficient to rise to a level of a Constitutional

violation. Accordingly, this Court is without jurisdiction to consider Plaintiff's ADA claims and those claims should be dismissed.

## IV.
## CONCLUSION

Because Plaintiff did not file suit until more than two years after his dismissal from the Dental School, his claims against UTHealth for failure to accommodate him during his enrollment, for retaliating against him for advocating for his rights while he was a student, or for discrimination in connection with his dismissal must be dismissed. Alternatively, Eleventh Amendment immunity bars Plaintiff's ADA claim and UTHealth requests that it be dismissed.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT O'KEEFE
General Litigation, Division Chief

/s/ Mishell B. Kneeland
MISHELL B. KNEELAND
Texas Bar No. 24038256
Southern District ID No. 313250
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

___

ATTORNEYS FOR DEFENDANT THE
UNIVERSITY OF TEXAS HEALTH SCIENCE
CENTER AT HOUSTON

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martin Jay Cirkiel
Cirkiel & Associates, PC
1901 E Palm Valley Blvd
Round Rock, TX 78664-9401
marty@cirkielaw.com
*Attorney for Plaintiff*

/s/ Mishell B. Kneeland
MISHELL B. KNEELAND
Assistant Attorney General

___

*UTHealth's Motion to Dismiss Plaintiff's First Amended Complaint*     9