**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEPHEN TAPP, | § | |
|      *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO.  4:11-CV-02971 |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCES CENTER AT HOUSTON – | § | |
| SCHOOL OF DENTISTRY, | § | |
|      *Defendant*. | § | |

**UTHEALTH'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE LEE H. ROSENTHAL:

Defendant The University of Texas Health Science Center at Houston ("UTHealth") submits this opposition to Plaintiff's Motion for Leave to File Second Amended Complaint [Docket #7] and would respectfully show the Court as follows:

Plaintiff's motion should be denied.  Although Rule 15(a) allows a plaintiff to amend his complaint "where justice so requires," it is Plaintiff's burden to demonstrate why justice requires amendment.  Courts have routinely denied motions to amend where, as here, the plaintiff has not adequately explained why justice requires amendment.  *Sanders v. Agnew*, 306 Fed. Appx. 844, 849 (5th Cir. 2009) (affirming district court's denial of motion to amend because "Plaintiff has failed to provide any specific explanation regarding how or why 'justice so requires' the requested amendment.").

Plaintiff has already had two opportunities to plead correctly as against UTHealth.  This case was originally filed on August 11, 2011, bringing claims for violations of the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA") against UTHealth [Docket #1].  UTHealth moved to dismiss Plaintiff's both claims petition on the grounds that the statute of

limitations had run and, alternatively, to dismiss Plaintiff's ADA claim on the grounds of Eleventh Amendment immunity [Docket #3].  Rather than respond to that motion, Plaintiff filed his First Amended Petition and Jury Demand, adding two new individual defendants and adding claims under 42 U.S.C. Section 1983 against those defendants, but making no new allegations or claims against UTHealth.  [Docket #5, improperly denominated on PACER as "Plaintiff's Amended Answer].  As of this date, the individual defendants have not been served, nor have they filed an answer.[1]

UTHealth again moved to dismiss Plaintiff's Amended Petition [Docket #6].  Rather than respond to UTHealth's motion, Plaintiff sought to "table" UTHealth's motion until such time that any defenses were put forth by the individual defendants.  *See* email chain between counsel for Plaintiff and undersigned counsel, a true and correct copy of which is attached as **Tab A**. UTHealth did not agree with the approach because the statute of limitations and Eleventh Amendment issues relating to UTHealth (which has been served) and the immunity issues relating to the individual defendants (who are in the process of negotiating waiver of acceptance of the live pleading) are separate and distinct and that UTHealth believed it was in the interest of judicial economy and litigant resources to determine whether a case against UTHealth would go forward at all before engaging in discovery.  *See* **Tab A**.

Rather than respond to the very straightforward motion to dismiss filed by UTHealth,[2] Plaintiff now seeks leave to file a Second Amended Complaint [Docket #8 contains the proposed Second Amended Complaint].  In his motion, Plaintiff asserts that he seeks to amend his complaint, "in order to cure those deficiencies that may have been present in their [sic] *Fist [sic]*

---

[1] Both individuals have requested representation from the Attorney General and have agreed that counsel can execute a waiver of service with respect to the live pleading in this case.

[2] UTHealth's motion was filed on November 4, 2011.  Under Local Rule 7.4, Plaintiff's response was due by November 25, 2011.  According to the Court's website, the Court was not closed on November 25, 2011.  *See* http://www.txs.uscourts.gov/addresses/hou.pdf, which undersigned counsel confirmed by a call to the Clerk's office.

*Amended Original Complaint* and thus properly state a claim upon which relief may be granted." Mot. ¶ 5.  Thus, the proposed amendment, however, is futile and untimely, and Plaintiff's motion should be denied.

## A.  Plaintiff's Attempted Amendment is Futile

Rule 15(a) authorizes a district court to deny a motion for leave to amend where, as here, the "amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962).  Since Plaintiff's proposed amended pleading cannot withstand a motion to dismiss already filed, "'the amendment should be denied as futile.'" *Goldstein v. MCI WorldCom,* 340 F.3d 238, 254 (5th Cir. 2003) (*quoting* 6 Charles Alan Wright, Federal Practice and Procedure § 1489 (2d ed. 1990)).

First, Plaintiff's attempted amendment does not in any way cure the statute of limitations problem he faces with respect to his Rehabilitation Act or ADA claims, as both complaints allege that he was given notice that his dismissal was recommended on July 23, 2009.  *Compare* 1st Amd. Compl. ¶ 23 *with* Prop'd 2d Amd. Compl. ¶ 37.  Plaintiff still fails to attach the actual letter provided to Plaintiff (attached to both of UTHealth's motion), which states that his dismissal is effective July 23, 2009.  Because, for the reasons stated in UTHealth's motion, the letter referenced in the complaints is key to the issues before the Court, it is properly considered on a motion to dismiss.  Thus, nothing in Plaintiff's proposed Second Amended Complaint "cures" the deficiencies relating to Plaintiff's disability-related claims.

Second, Plaintiff's attempt to add a breach of contract claim – which UTHealth admits is subject to a four year statute of limitations – is also futile.  It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived.  *Pennhurst State*

*Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-102 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  For Eleventh Amendment immunity purposes, a suit against a state agency is a suit against the state.  *Pennhurst,* 465 U.S. at 100.  Congress may, however, abrogate a state's sovereign immunity under the Eleventh Amendment.  *Kimel v. Fla. Bd. of Regents*, 528 U.S.62, 80 (2000); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996).  Likewise, a state may waive its immunity to suit in federal court.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).  In order to waive its immunity to suit in federal court, however, a state "must specify [its] intention to subject itself to suit in *federal court.*"[3]  *Feeney,* 495 U.S. at 306 (quoting *Atascadero*, 473 U.S. at 241) (emphasis in original).

Courts in this circuit, including the Fifth Circuit itself, have consistently found that the University of Texas and its health institutions (such as UTHealth) are state agencies protected by sovereign immunity.  See, e.g., *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318 (5th Cir. 2008); *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391 (5th Cir. 2007); *Scott v. Pfizer Inc.*, 182 Fed. Appx. 312 (5th Cir. 2006).

There are no legislative provisions that would indicate that Congress or the State legislature have expressly waived UTHealth's immunity to suit on these claims.  The weight of authority in this Circuit is actually to the contrary.  *See Pillsbury Co., Inc. v. Port of Corpus Christi Auth.*, 66 F.3d 103 (5th Cir. 1995) (dismissing breach of contract claim against political subdivision of state on grounds of Eleventh Amendment immunity); *Kitchens v. Tex. Dep't of Human Res.*, 747 F.2d 985, 986 (5th Cir. 1984) (had plaintiff's pendent state law contract claim for money damages been brought independently in federal court, "it clearly would have been

---

[3] A particularly strict standard applies: immunity to suit in federal court is waived only by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Feeney*, 495 U.S. at 305-06.

barred by the Eleventh Amendment"); *Vital Health Care, Inc. v. Horn*, 2008 WL 4966915, at *4 (S.D. Tex. Nov 18, 2008) (dismissing plaintiff's breach of contract claims against individuals in their official capacities as barred by Eleventh Amendment).  Nor have the University of Texas System or its component institutions waived sovereign immunity with respect to breach of contract claims.  *See, e.g., Robinson v. Univ. of Tex. Med. Branch at Galveston*, 171 S.W.3d 365, 369 (Tex. App.-Houston [14 Dist.] 2005, no pet.); *Noah v. Univ. of Tex. Med. Branch at Galveston*, 176 S.W.3d 350, 356 (Tex. App.-Houston [1 Dist.] 2004, pet. denied).

**B.  Plaintiff's Attempted Amendment is Timely and for the Purposes of Delay**

In a situation such as this, where there has already been delay, the Fifth Circuit has found denial of leave to amend proper:

> The district court found that allowing Parish to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint. See Little, 952 F.2d 841, 846; Addington, 650 F.2d 663, 667; Layfield, 607 F.2d 1097, 1099; Ferguson v. Roberts, 11 F.3d 696, 706-7 (7th Cir.1993). Also, it found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could have raised the additional claims in her complaint or at least sought to amend at an earlier time. See Layfield, 607 F.2d 1097, 1099. Plaintiff bears the burden of showing that delay was due to oversight, inadvertence or excusable neglect, and the district court found that Parish made no such showing. Gregory, 634 F.2d 199, 203; see also Little, 952 F.2d 841, 846.

*Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (affirming denial of leave to amend). Plaintiff does not seek to add any "facts" that would overcome UTHealth's grounds for dismissal and, even if he had, he has those "facts" within his knowledge since at least July 2009. Plaintiff's attempt to amend to delay responding to UTHealth's motion to dismiss should not be countenanced.

For these reasons, UTHealth requests that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT O'KEEFE
General Litigation, Division Chief


/s/ Mishell B. Kneeland
MISHELL B. KNEELAND
Texas Bar No. 24038256
Southern District ID No. 313250
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANT UNIVERSITY
OF TEXAS HEALTH SCIENCE CENTER AT
HOUSTON

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Martin Jay Cirkiel
Cirkiel & Associates, PC
1901 E Palm Valley Blvd
Round Rock, TX 78664-9401
marty@cirkielaw.com
*Attorney for Plaintiff*

/s/ Mishell B. Kneeland
MISHELL B. KNEELAND
Assistant Attorney General