IN THE UNITED STATE'S DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHEN TAPP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:11-CV-02971** |
| | § | |
| **UNIVERSITY OF TEXAS HEALTH** | § | |
| **SCIENCES CENTER AT HOUSTON-** | § | |
| **SCHOOL OF DENTISTRY, DR. JOHN A.** | § | |
| **VALENZA, D.D.S., DEAN, AND SERGEANT** | § | |
| **J. TAYLOR, BOTH INDIVIDUALLY** | § | |
| **Defendants.** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   The Parties held their conference by telephone and via email communications during the period spanning November 30, 2011 through December 5, 2011. Martin J. Cirkiel attended on behalf of the Plaintiff and Mishell B. Kneeland attended on behalf of the Defendant.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Stephen Tapp, a student at the University of Texas Health Sciences Center at Houston ("UTHealth") - School of Dentistry, alleges that he was discriminated against on the basis of his disabilities in that UTHealth failed to properly accommodate him and dismissed him from dental school. Plaintiff seeks damages and compensation, for the injuries more fully discussed below.  Plaintiff brings this action pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Rehabilitation Act") and the Americans with Disabilities Act ("ADA"), 42 U.S.C., §12101, et seq.[1]

---

[1] Plaintiff has also brought claims under 42 U.S.C. Section 1983 against two individuals alleging that his Constitutional rights were violated by those individuals.  As of the date of this filing, those individuals have been served through the waiver process, but have not yet responded to Plaintiff's First Amended Petition, which is the live pleading in this matter.  The individuals, however, have requested representation by the Attorney General and will be represented by the same attorney assigned to represent UTHealth.  This discovery plan will apply to the individuals as well.

*Joint Discovery Case Management Plan*                                                                                       1

UTHealth denies Plaintiff's allegations and asserts that any decision taken with respect to Plaintiff was for legitimate, non-discriminatory and non-retaliatory reasons. UTHealth also asserts numerous legal defenses to Plaintiff's claims and has filed a motion to dismiss (Dkt. # 6).

**4.     Specify the allegation of federal jurisdiction.**

Jurisdiction is proper before this Court based on federal question jurisdiction since Plaintiff asserted causes of action under various federal statutes, as described above.

**5.     Name the parties who disagree and the reasons.**

None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

*See* Footnote 1.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not made the Rule 26(a) initial disclosures.  The parties agree to make these disclosures no later than  ten days of the date by which the Individual Defendants must respond to Plaintiff's First Amended Petition (or Second Amended Petition, if the Court grants Plaintiff leave to file that pleading).

**10.    Describe the proposed agreed discovery plan, including:**

**a.  Responses to all the matters raised in Rule 26(f).**

Plaintiff filed this cause of action on or about August 11, 2011 (Dkt. # 1).  On October 11th, the University of Texas Health Science Center ("UT HSC") Defendant, filed their *Motion To Dismiss* (Dkt. # 3).  UTHelath's motion addresses, among other things, issues related to the statute of limitations for Plaintiff's Rehabilitation Act and Americans with Disabilities Act claims and Eleventh Amendment Immunity to Plaintiff's ADA claim. On or about November 1st, Plaintiff filed his *First Amended*

*Complaint* (Dkt. #5) adding two (2) Defendants and making no changes with respect to the allegations against UTHealth. As of this writing Plaintiff is in the process of having these Defendants correctly served, which should be completed shortly. On November 4, 2011 UTHealth filed a *Motion to Dismiss Plaintiff's First Amended Complaint* (Dkt. #6) reiterating the same jurisdictional arguments. In response to certain items pled in that *Motion*, Plaintiff has recently (on November 28th) sought leave of Court (Dkt. #7) to file his Second Amended Complaint (Dkt. #8) which hopes to better articulate facts to address the jurisdictional arguments previously made by UTHealth. In addition, and once correctly served, Plaintiff reasonably believes that each individual state Defendant will file their own *Motion To Dismiss*. These pleadings will surely rely upon qualified immunity, another jurisdictional argument.

UTHealth's position is that most, if not all, of Plaintiff's case will be dismissed and little discovery will be required. Alternatively, under binding Fifth Circuit law, discovery should be stayed pending the outcome of any 11th Amendment or Qualified Immunity Issues.

Assuming if and when those issues are resolved, the parties agree to the discovery plan, as follows.

**b. When and to whom the plaintiff anticipates it may send interrogatories.**

At this time, Plaintiff anticipates sending interrogatories to Defendant within 60 days after the Parties exchange Initial Disclosures under Federal Rule of Civil Procedure 26.

**c. When and to whom the defendant anticipates it may send interrogatories.**

UTHealth anticipates sending interrogatories to Plaintiff within 60 days after the Parties exchange Initial Disclosures under Federal Rule of Civil Procedure 26.

**d. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff intends to depose all necessary persons by June 1, 2012. Plaintiff also may depose additional fact witnesses identified by Defendant, and intends to do so within 90 days after they are disclosed.

**e. Of whom and by when the defendant anticipates taking oral depositions.**

UTHelath anticipates taking Plaintiff's oral deposition after Plaintiff responds to UTHealth's written discovery requests and 30 days after UTHealth obtains any relevant medical, employment, and educational records, as well as other persons Plaintiff identifies as having knowledge relevant to this case.

**f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B),**

**and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff shall designate experts and provide reports required by Rule 26(a)(2)(B) by August 1, 2012.  Defendant will designate experts and provide their reports within thirty days after Plaintiff's designation is filed.

g.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.   See Rule 26(a)(2)(B) (expert report).**

Plaintiff intends to depose experts designated by Defendant within thirty days of the Defendant's designation and tender of reports.

h.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

UTHealth intends to depose experts designated by Plaintiff within thirty days of the Plaintiff's designation and tender of reports.

11.     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

To the extent that the Court determines that portions of Plaintiff's cause of action may be affected by the limitations issue, 11th Amendment Immunity or Qualified Immunity, the Parties agree on all aspects of the discovery plan.

12.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13.     **State the date the planned discovery can reasonably be completed.**

This depends on resolution of threshold immunity and jurisdictional issues, but no earlier

than December 1, 2012.

14.     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

While settlement may be viable in the future and the parties are always open to such a possibility, the parties do not believe that a prompt resolution can occur at this time.

15.     **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See the answer to No. 14, above.

16.   **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that mediation would be an appropriate methodology, if and when the parties do so.

17.   **Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before a Magistrate Judge.

18.   **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a jury demand.

19.   **Specify the number of hours it will take to present the evidence in this case.**

Approximately 36 hours (4 days).

20.   **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

UTHealth asserts that its Motion to Dismiss Plaintiff's First Amended Complaint should be heard at current scheduled hearing (*see* UTHealth's Response to Plaintiff's Motion for Leave to Amend, Dkt. #9). Plaintiff believes it is premature. (See, *Motion for Continuance*, Dkt. # 12.)

21.   **List other pending motions.**

Plaintiff's *Motion for Leave to Amend* (Dkt. #7); Plaintiff's *Motion for Continuance*, Dkt.

# 12.

22.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

None.

23.   **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

UTHealth filed its Certificate of Interested Persons on November 29, 2011.

Plaintiff filed his Certificate of Interested Persons on October 24, 2011.

24.   **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

*Joint Discovery Case Management Plan*                                                            5

**COUNSEL FOR PLAINTIFF**          **Martin J. Cirkiel**
                                   Attorney-in-Charge
                                   Cirkiel & Associates, P.C.
                                   State Bar No. 00783829
                                   1901 E. Palm Valley Blvd.
                                   Round Rock, Texas 78664
                                   (512) 244-6658 [Telephone]
                                   (512) 244-6014 [Facsimile]
                                   marty@cirkielaw.com


**COUNSEL FOR DEFENDANT**          **Mishell Kneeland**
                                   Assistant Texas Attorney General
                                   Texas Bar No. #24038256
                                   Southern District Federal ID #313250
                                   Post Office Box 12548, Capitol Station
                                   Austin, Texas 78711-2548
                                   (512) 463-2120  [Telephone]
                                   (512) 320- 0667 [Facsimile]


Dated this _____ day of December, 2011.


                                   Respectfully submitted,
                                   Cirkiel & Associates, P.C.

                                   By: /s/ Martin J. Cirkiel
                                   Martin J. Cirkiel, Esq.
                                   State Bar No. 00783829
                                   1901 E. Palm Valley Blvd.
                                   Round Rock, Texas 78664
                                   (512) 244-6658 [Telephone]
                                   (512) 244-6014 [Facsimile]
                                   marty@cirkielaw.com
                                   **Attorney for Plaintiff**

                                   By: /s/ Mishell B. Kneeland
                                   Mishell B. Kneeland, Attorney
                                   Texas Bar No. #24038256
                                   Southern District Federal ID #313250
                                   Assistant Texas Attorney General
                                   Post Office Box 12548, Capitol Station
                                   Austin, Texas 78711-2548
                                   (512) 463-2120  [Telephone]
                                   (512) 320- 0667 [Facsimile]
                                   **Attorneys for Defendant, The University
                                   of Texas Health Science Center at
                                   Houston**


*Joint Discovery Case Management Plan*                    6