IN THE UNITED STATE'S DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN TAPP, § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 4:11-CV-02971 |
| § | |
| UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCES CENTER AT HOUSTON- § | |
| SCHOOL OF DENTISTRY, DR. JOHN A. § | |
| VALENZA, D.D.S., DEAN, AND SERGEANT § | |
| J. TAYLOR, BOTH INDIVIDUALLY § | |
|     Defendants § | |

**PLAINTIFF'S RESPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Stephen Tapp ("Plaintiff" herein) and files this, his *Response To UT Health's Opposition To Plaintiff's Motion For Leave To File Second Amended Complaint and Brief In Support Thereof*, and in support thereof would show the following:

**I. PROCEDURAL AND FACTUAL RESUME AND BRIEF RESPONSE**

1. On August 11, 2011 Plaintiff filed his *Original Complaint.*

2. Shortly thereafter and on October 11th, Defendant University of Texas Health Science Center ("UT HSC"), filed their *Motion To Dismiss* (DE# 3). This pleading by the UT HSC Defendant significantly addresses, among other things, the jurisdictional issue related to statute of limitations and Eleventh Amendment Immunity.

3. Shortly thereafter, and on or about November 1st, Plaintiff filed his *First Amended Complaint* (DE# 5) adding two (2) Defendants. Just recently, the necessary waivers were

received from the Defendants and filed with this Court. Naturally, these two Defendants have not yet answered or filed their own *Motion to Dismiss.*

4. On November 4, the UT HSC filed their *Amended Motion to Dismiss* (DE# 6) reiterating the same jurisdictional arguments.

5. In response to certain items pled in that *Motion* relative to issues brought up in Plaintiff's *First Amended Complaint*, on November 28, Plaintiff sought leave of Court (in DE# 7) to file his *Second Amended Complaint* (DE# 8), which seeks to, among other things, better articulate facts to address the jurisdictional arguments previously made by UT HSC, including and especially those related to limitations and the qualified immunity arguments he expects to confront from the two newly-added individual defendants, Valenza and Taylor.

6. On November 30, UT HSC filed their *Opposition to Plaintiff's Motion for Leave To File Second Amended Complaint.* In this pleading UT HSC argues that the Court should deny Plaintiff's request because Plaintiff already "had two opportunities to plead correctly as against UT HSC," and because amendment would be futile and was untimely sought.

7. Because UT HSC arguments are both legally and factually infirm, they should be rejected and Plaintiff's *Motion* should be granted.

8. First and foremost UT HSC's arguments should be rejected because it is well-settled that as a matter of course, Plaintiffs have a right to amend a complaint, pursuant to FED. R. CIV. P. 15, before a party has answered or filed any motion to dismiss, pursuant to FED. R. CIV. P. 12. As Plaintiff has done so before Valenza and Taylor has answered or filed their own respective motions, then it seems reasonable based upon this set of facts, leave should be "freely given."

9. They also argue it should be denied because "amendment would be futile." While Plaintiff believes amendment would not be futile,[1] but even if arguably true, the Defendant is proverbially "putting the cart before the horse." As the Court has not ruled on the merits of Plaintiff's claims or UT HSC's affirmative defenses, this argument should be rejected because it is not yet ripe.

10. UT HSC last argues that Plaintiff's request should be rejected ostensibly because they assert amendment is sought for "purposes of delay." In doing so, they cite a case where Plaintiff sought leave to amend seven (7) months after the filing of the *Original Complaint*. But importantly, Plaintiff's request is intended to put all the pleadings in a position that the parties, and this Court, can address all the jurisdictional issues; i.e., limitations, Eleventh Amendment Immunity and Qualified Immunity in one proceeding. This amendment is not intended to delay but rather effectuate important public policy of judicial economy.

11. For all these reasons, UT HSC's opposition should be denied and Plaintiff should be permitted to amend his complaint accordingly.

## II. STANDARDS OF REVIEW

12. Whether leave to amend should be granted is within the sound discretion of the district court. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044, 123 S. Ct. 659, 154 L. Ed. 2d 516 (2002) (*quoting Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). However, *Federal Rule of Civil Procedure* 15(a) makes it clear that the trial court is required to grant leave to amend "freely." *Id.* (*quoting Chitimacha Tribe of La. v. Harry L. Laws Co.*, Inc., 690 F.2d 1157, 1162 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S. Ct. 69, 78 L. Ed. 2d 83 (1983)).

---

[1] Plaintiff will address this "futility argument" in a *Response To UT HSC' Motion To Dismiss*.

13. Clearly, the language of Rule 15 evidences a bias and predisposition in favor of granting leave to amend. *Id*. Courts in this circuit have determined that the purpose of the bias in favor of allowing amendment of the pleadings is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Summit Office Park v. United States Steel Corp.*, 639 F.2d 1278, 1284 (5th Cir. 1981); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

14. Although, as Defendant points out, leave to amend should not be granted automatically, the trial court should always err on the side of allowing amendment. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S. Ct. 672, 70 L. Ed. 2d 640 (1982).

### III. BRIEF IN SUPPORT

15. UT HSC first argues that Plaintiff's requested should be denied ostensibly because they already had two chances to do so. They cite no case in support of this proposition.

16. Nevertheless, and while it may be true that a motion for leave to amend is subject to denial, there is no hard and fast rule requiring denial in such a situation.

17. For instance, in *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, the Court of Appeals found that the trial court's denial of plaintiff's motion for leave to amend was justified because plaintiff attempted to assert a completely new claim for punitive damages, despite the fact that plaintiff was aware of all the facts giving rise to such a claim at the time the original complaint was filed, a year and a half after the original complaint was filed, nine (9) months after partial summary judgment was entered, and only a few months before the case was scheduled for trial on the sole remaining issue of good faith. 893 F.2d 1182, 1185

(10th Cir. 1990). Under those circumstances, attempting to amend the pleadings after a substantial amount of time has passed, shortly before trial, and after dispositive motions have already been heard and decided, it is much easier to say that the amendment must not have a good faith basis. Neither the facts nor procedural posture in this case is similar to the *Las Vegas* case. *See also Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) (plaintiff attempted to assert a new DTPA cause of action in an amended complaint nine (9) months after the action was originally initiated and only after summary judgment became imminent).

18. None of these cases are analogous to the present case.

19. Nor is Plaintiff's motion for leave of court to file his amended complaint untimely or in a related vein, representative of a dilatory tactic. In *Whitaker v. City of Houston*, the Court of Appeals held that a motion for leave should be denied due to delay and being filed untimely. 963 F.2d 831, 837 (5th Cir. 1992). However, the actual facts of that case are instructive:

> ...in the eleven months during which Houston's dismissal motion was pending before the district court, Whitaker never sought leave to amend his complaint but instead stood by its sufficiency. Then, after the district court granted Houston's motion to dismiss, Whitaker waited almost thirty days to file a motion for leave to amend, and thereafter waited an additional month before producing the amended complaint for which he sought permission to file.

*Id.*

20. In other words, the plaintiff in the *Whitaker* case did not even seek leave to file an amended complaint until twelve (12) months had passed since the filing of the original complaint, and then only did so after the trial court had granted defendant's motion to dismiss against him. S*ee also Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (motion for leave to

amend untimely when filed after the Court had already taken consideration and submission of both a motion to dismiss and a motion for summary judgment). Under both of these cases, it was not only the expiration of time, which was quite lengthy, but also the fact that some adjudication of the case had either already taken place or was about to take place that the court found meaningful. That has not yet occurred in this cause.

21. In another case, *Avatar Exploration, Inc. v. Chevron U.S.A., Inc.*, the Court of Appeals held that a denial of a motion for leave to amend was proper because the motion was untimely because, "[t]he court set a final deadline for the filing of amendments, and [plaintiffs] moved to amend their pleadings past the deadline." 933 F.2d 314, 320-321 (5th Cir. 1991). Those facts are hardly analogous to the present case.

22. In *Leffall v. Dallas Indep. Sch. Dist.*, the Court of Appeals stated that the trial court should not have denied plaintiff's motion for leave on the grounds that it was untimely or that plaintiff had unreasonably delayed the filing of such motion because plaintiff filed her motion only two (2) months after filed in federal court and before any meaningful adjudication of any issue in her suit. 28 F.3d 521, 532 (5th Cir. 1994).

23. In short, a lengthy delay is required in order to hold that the motion for leave to amend is filed untimely. *See also Jackson v. Columbus Dodge, Inc*., 676 F.2d 120 (5th Cir. 1982) (trial court did not abuse discretion when refusing to approve an amendment filed day before pretrial conference, twenty-eight (28) months after the litigated transaction, and nineteen (19) months after the original complaint was filed); *Daly v. Sprague*, 675 F.2d 716 (5th Cir. 1982) (the fact proposed amendment was not filed until sixteen (16) months after the original complaint was filed was a factor in favor of denying the motion for leave to amend); *Daves v. Payless Cashways, Inc*., 661 F.2d 1022 (5th Cir. 1981) (trial court did not

abuse its discretion by refusing leave to amend after unexplained nineteen (19) month delay between the filing of the original complaint and the motion for leave to amend supported). Again, the facts and procedural posture in this cause is clearly opposite of these cases.

24. UT HSC also states that somehow they would be prejudiced by Plaintiff filing of an amended complaint. Defendants give no indication of how granting Plaintiff's motion for leave to amend would prejudice them in this case.

25. For instance, in *WRR Industries, Inc. v. Prologis,* No. 3:04-CV-2544-L, 2006 WL 1814126 at *5 (N.D. Tex. June 30, 2006), the trial court found that defendant would be prejudiced if plaintiff was allowed to amend its pleadings because it would necessitate an extension of deadlines which would cause delay in resolving the case. There has been no such showing in the present case. In fact, in regard to their currently filed *Amended Motion to Dismiss,* the UT HSC would not have to do little more than add the term *Second* to said motion. This surely does not rise to the level of prejudice.

26. Defendant also asks the Court to address and resolve their motion to dismiss. This would defeat the entire purpose of allowing a plaintiff to amend their complaint in order to respond to the issues raised by a Defendant in a *Motion to Dismiss*. Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. *Neitzke, et al. v. Williams*, 490 U.S. 319, 329 (1989). Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. *Hart, et al. v. Bayer Corp., et al*, 199 F.3d 239, 248 n.6. The entire purpose of allowing for amendments to cure defects in pleading is

to allow a plaintiff to avoid dismissal when the defect is capable of being remedied through better, more specific, pleading.

27. Therefore, and for all the above the Court should grant Plaintiff's motion for leave to amend and consider Plaintiffs' Second Amended Complaint in determining whether Plaintiffs have stated a claim upon which relief may be granted under Rule 12(b)(1) or Rule 12(b)(6).

## IV. CONCLUSION

28. As the Defendant UT HSC has failed to present any evidence that would support a denial of Plaintiff's M*otion for Leave of Court to file Plaintiff's Second Amended Complaint*, Plaintiff's *Motion* should be granted.

## PRAYER

WHEREFORE, Plaintiff prays that his *Motion for Leave of Court* be granted and that he be permitted to file his Second Amended Complaint accordingly and for such other relief as this Court, whether it be in law or in equity, deems just and proper.

Respectfully submitted,

Cirkiel & Associates, P.C.

  /s/ Martin J. Cirkiel
Mr. Martin J. Cirkiel, Esq.
State Bar No.: 00783829
Fed. ID.# 21488
1901 E. Palm Valley Boulevard
Round Rock, Texas   78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com

                                          Greg White
                                          State Bar No. 21329050
                                          400 Austin Avenue, Ste. 103
                                          P.O. Box 2186
                                          Waco, Texas 76703-2186
                                          (254) 717-5728 [Telephone]
                                          (866) 521-5569 [Facsimile]
                                          greg.white@texapplaw.com

                                          **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on this 14th day of December, 2011 by Notice of Electronic Filing from the Clerk of the Court:

Mishell B. Kneeland
Darren G. Gibson
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 [Telephone]
(512) 320-0667 [Facsimile]

**ATTORNEY FOR DEFENDANTS**

                                          /s/ Martin J. Cirkiel
                                          Martin J. Cirkiel