IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN TAPP, § | | |
|     *Plaintiff*, § | Civ. Action No. 4:11-cv-02971 | |
| § | | |
| v. § | | |
| § | | |
| DR. JOHN A. VALENZA, DEAN OF § | | |
| THE UNIVERSITY OF TEXAS § | | |
| HEALTH SCIENCE CENTER AT § | | |
| HOUSTON – SCHOOL OF § | | |
| DENTISTRY, IN HIS OFFICIAL § | | |
| CAPACITY AND INDIVIDUALLY § | | |
|     *Defendant*. § | | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE LEE H. ROSENTHAL:

Defendant John A. Valenza ("Dr. Valenza"), in both his official and individual capacities, files this Reply Brief in Further Support of His Motion to Dismiss Plaintiff's Second Amended Complaint and respectfully shows the Court as follows:

### I.   ARGUMENT

A.   <u>Plaintiff Admits His Official Capacity Claims And Tort Claims Should Be Dismissed.</u>

As an initial matter, Plaintiff admits in his response that he has no viable claims against Dr. Valenza in his official capacity.[1]  Thus, all claims against Dr. Valenza in his official capacity should be dismissed.

Similarly, Plaintiff admits he has no claims against Dr. Valenza pursuant to the Texas Tort Claims Act ("TTCA") and fails even to address the section 101.106(f) argument.  Yet, Plaintiff

---

[1] P.'s Resp. at 7 n.1.

*D.'s Reply Br. In Further Support of Motion To Dismiss P.'s Sec. Am. Compl.*                1

states that he "believes he continues to have relevant common law and state law claims against Valenza, in his individual capacity," but fails to identify any such claims or any basis for relief.[2] Plaintiff's statement ignores the fact that "all tort theories" are considered to be claims under the TTCA for purposes of section 101.106. *See Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011); *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Thus, all of Plaintiff's tort claims against Dr. Valenza[3] and any other common law tort claim Plaintiff may assert in the future are considered claims under the TTCA and, therefore, barred by section 101.106(f). As a result, all of Plaintiff's putative tort claims against Dr. Valenza in his individual capacity should be dismissed.

B.  Dr. Valenza Is Protected By Qualified Immunity From Section 1983 Liability.

The majority of Plaintiff's response brief argues that he has pleaded sufficient facts to defeat Dr. Valenza's qualified immunity at this stage and that he should be allowed to proceed to discovery on that issue. However, Plaintiff's own brief belies his argument, as he misstates the law and misconstrues the facts in his complaint.

First, Dr. Valenza did argue in his opening brief that Plaintiff's purported constitutional rights were not clearly established, despite Plaintiff's assertion to the contrary.[4] As discussed in Dr. Valenza's opening brief, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established [under the second step of the qualified immunity inquiry] is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Thus, Dr. Valenza is protected by qualified immunity for his alleged

---

[2] P.'s Resp. at 7 n.1.

[3] Am. Compl. ¶¶ 50-53.

[4] P.'s Resp. at 7-8.

actions unless it would have been clear to a reasonable official in his shoes that his actions were unlawful.

Second, the alleged facts, including the letter from Dr. Valenza incorporated by reference into the complaint, make it clear that no reasonable official would have thought Dr. Valenza's conduct was unlawful given the situation. Indeed, any reasonable official confronted with Plaintiff's presence on campus would have viewed it as trespass given that Plaintiff had been dismissed from the program and had been told to "cease all activity in the [dental] building immediately" and to "surrender his identification badge."[5] Plaintiff even admits in his response that "the elements of criminal trespass have ostensibly been met."[6]

As for Plaintiff's alleged invitation to meet with Dr. Bouquot,[7] Plaintiff fails to understand the import of this fact on the qualified immunity analysis. The dispostive inquiry hinges on what a reasonable person in Dr. Valenza's situation would have done based on the knowledge he had at the time, not whether Plaintiff actually had consent to be in the building from a third person. There is no allegation in the complaint that Dr. Valenza had knowledge of the alleged invitation from Dr. Bouquot.[8] Rather, when faced with a report of a dismissed student trespassing on campus despite being told not to return and to surrender his badge, any reasonable official in Dr. Valenza's shoes would have had police investigate the situation and detain that former student.

Plaintiff attempts to link his arrest to the fact that he had retained an attorney in connection with his dismissal and had previously filed a complaint with the UTHealth compliance office,

---

[5] Dkt. # 27-1, Letter to Plaintiff.

[6] P.'s Resp. at 8.

[7] Am. Compl. ¶¶ 43-44.

[8] *Id.*

arguing that his arrest was motivated by retaliatory animus.[9]  Yet, there are no allegations that Dr. Valenza was even aware of the compliance complaint or Tapp's representation by counsel, as those communications were made with different UTHealth officials.[10]

In short, Plaintiff's allegations fail to indicate that a reasonable official in Dr. Valenza's situation would have viewed the investigation of Plaintiff's presence on campus and his subsequent arrest for trespass as unlawful given the situation.  As a result, Plaintiff's Section 1983 claim as pleaded cannot defeat Dr. Valenza's qualified immunity, and the claim should be dismissed.[11]

## II.   CONCLUSION

For the foregoing reasons, Dr. Valenza respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Second Amended Complaint, dismiss Plaintiff's claims, order that Plaintiff take nothing by his action, and award such further relief to which Dr. Valenza is entitled, including costs and attorney's fees.

Dated:  March 20, 2012                                Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

---

[9] P.'s Resp. at 9.

[10] Am. Compl. ¶¶ 40, 42.

[11] If the Court declines to dismiss the Section 1983 claim at this stage, Dr. Valenza requests limited discovery into the qualified immunity defense, as prescribed by Fifth Circuit law.  *See Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995-96 (5th Cir.1995).

        /s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Attorney-In-Charge
Texas Bar No. 24068846
Southern District No. 1041236
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
Darren.Gibson@texasattorneygeneral.gov
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served via the *CM/ECF system* on March 20, 2012, to:

Martin Jay Cirkiel
Cirkiel & Associates, PC
1901 E Palm Valley Blvd
Round Rock, TX 78664-9401
marty@cirkielaw.com
*Attorney for Plaintiff*

        /s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General